Angus McDONALD, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 1411.

United States District Court
E. D. Kentucky,
at Lexington.

Aug. 2, 1961.

Nathan Elliott, Jr., Lexington, Ky., for plaintiff.

Jean L. Auxier, U. S. Atty., R. Caywood Metcalf, Asst. U. S. Atty., Lexington, Ky., Daniel M. Dwyer, Atty., Dept. of Justice, Washington, D. C., for defendant.

FORD, Chief Judge.

Alleging that in May 1960 an assessment for excise taxes was illegally and erroneously made and the tax payable thereunder was illegally collected from him on account of an alleged taxable event which occurred in the year 1947, the plaintiff invokes jurisdiction of the Court under Title 28 U.S.C.A. § 1346(a) (1) for the recovery of the amount paid with interest, for which timely demand for refund has been duly presented and denied.

By agreement of the parties, the case is now submitted upon a Stipulation which the Court accepts as the facts involved and which is as follows:

"The parties, by their respective counsel, hereby stipulate that there is no issue of fact and no issue of fraud and the following may be taken as true for purposes of this action:

"1. This Court has jurisdiction under Title 28 U.S.C., Section 1346 (a) (1).

"2. The Idle Hour Country Club is a Kentucky corporation located in Lexington, Kentucky, and is a social club within the meaning of Section 1710 of the Internal Revenue Code of 1939.

"3. In 1947, the taxpayer, Angus McDonald, purchased from the Idle Hour Country Club a 3% first mortgage bond secured by real estate, and paid therefor the sum of $1,000.-00. No interest has been paid to date on said bond.

"4. After purchase of the bond and according to the Articles of Incorporation and By-laws of the Idle Hour Country Club, the taxpayer received a certificate of membership in the Idle Hour Country Club. A copy of the Articles of Incorporation, By-laws and Rules and Regulations of the Idle Hour Country Club are attached hereto as Exhibit 'A', and a sample copy of a bond and certificate of membership are attached hereto as Exhibit 'B'.

"5. The Idle Hour Country Club filed excise tax returns for the year 1947 and other years of its existence but did not report the purchase of such bond by the taxpayer nor did it collect and pay over any tax thereon. For the Court's information attached

hereto as Exhibit 'C' are copies of two of said excise tax returns.

"6. No certificates of membership have ever been issued to other than holders of first mortgage bonds.

"7. After an audit of the books of the Idle Hour Country Club in 1959–60, the Commissioner of Internal Revenue determined that there was due and owing a 20% excise tax on the purchase of the said bond and accordingly a deficiency was assessed against the taxpayer on May 6, 1960, in the amount of $200.00.

"8. The taxpayer duly paid this deficiency on May 23, 1960, and filed a timely claim for refund on May 23, 1960, which claim was disallowed and notice of disallowance sent by registered mail on September 1, 1960."

The first question for determination is whether the $1,000 3% First Mortgage bond purchased and held by the plaintiff in the year 1947, as set out in paragraph 3 of the Stipulation, "was a loan required as a condition precedent to membership" in the club under the provisions of the Internal Revenue Code of 1939 and taxable as provided therein.

By the Code of 1939, as amended, which was in force and effect in 1947, it was provided:

"§ 1710. Tax.

"(a) Rate. There shall be levied, assessed, collected, and paid— * * *

"(2) Initiation fees. A tax equivalent to 20 per centum of any amount paid as initiation fees to such a club or organization, if such fees amount to more than $10, or if the dues or membership fees, not including initiation fees, of an active resident annual member are in excess of $10 per year.

"§ 1712. Definition.

"As used in this subchapter— * * *

"(b) Initiation fees. The term 'initiation fees' includes any payment, contribution, or loan, required as a condition precedent to membership, whether or not any such payment, contribution or loan is evidenced by a certificate of interest or indebtedness or share of stock, and irrespective of the person or organization to whom paid, contributed, or loaned."

The Articles of Incorporation of the club are filed with and made a part of the Stipulation. So far as they appear pertinent to our present consideration, they are as follows:

"Article V. The affairs of the corporation shall be managed by a Board of Governors consisting of nine (9) members, each of whom must be the owner and holder of a Certificate of Membership. Three of the members of the first Board of Governors shall serve for a term of three years, three shall serve for a term of two years and three shall serve for a term of one year, and thereafter three members of the Board shall be elected at the annual meeting of the Certificate holders of the corporation, to be held on the first Monday in November of each year, to serve for a term of three years each, or until their successors are elected and qualify. * * *

"Article VI. There shall be no capital stock of the corporation, but the corporation shall be empowered to issue not more than 350 Certificates of Membership. The purchasers and holders of not less than $1,000.00 face amount of the first mortgage, three per cent bonds, when, as and if issued by the corporation shall be entitled to one Certificate of Membership, and the remaining Certificates of Membership shall be held by the corporation and shall be issued by it from time to time for such consideration as the Board of Governors may determine. Not more than one Certificate of Membership shall be issued to or held by any one person.

* * * * * *

418

"The Board of Governors may elect other classes of membership for such time and upon such terms and conditions as it may determine and may prescribe initiation fees and dues for such memberships so created. The owners and holders of such memberships shall not have the right to vote for the election of members of the Board of Governors and shall have no voice in the management and control of the corporation, nor any interest in the property or assets of the corporation.

\* \* \* \* \* \*

"Article VII. The Board of Governors of the Corporation shall have the right at any time in its discretion, without submitting said questions to the holders of Certificates of Membership, to issue bonds in the name of the corporation not exceeding $350,000.00, to cause to be executed a mortgage on all of the assets of the corporation to secure the payment of same, and to sell same for the corporation, or to pledge said bonds as collateral to secure debts of the corporation. All terms and conditions of said bonds shall be prescribed by the Board of Governors of the corporation, but the same shall not be sold for less than par."

■ In view of the clear provisions of the Articles of Incorporation of the club limiting voting rights and all interest in the property and assets of the corporation to owners and holders of certificates of membership and vesting exclusive management and control of the affairs of the club in a Board of Governors, each of whom "must be the owner and holder of a certificate of membership", who are elected annually by holders of certificates of membership, and the fact that certificates of membership according to Stipulation No. 6 have never been issued to persons other than holders of First Mortgage Bonds, the conclusion seems inescapable that each of the bonds is a loan and a condition precedent to complete membership.

The defendant's contention that the provisions of Article VI to the effect that certificates of membership may be issued from time to time for such consideration as the Board of Governors may determine and that the Board of Governors may elect other classes of membership with no voting rights, no voice in the management and control of the corporation, and no interest in its property or assets rendered inapplicable the above provisions of the Code of 1939 seems untenable. A copy of the bond filed as a part of the Stipulation evidences merely a loan and promise to repay it. The fact that it constitutes a loan is not altered by the fact that it was secured by First Mortgage on the property of the club.

I am of the opinion that each of the bonds is a loan required as a condition precedent to membership within the meaning of Section 1712(b) and the excise tax provided by Section 1710(a) (2) of the Internal Revenue Code of 1939, as amended, 26 U.S.C.A. § 1710(a) (2), was applicable to the bond referred to in the Stipulation.

■ Another question is presented, however, which demands consideration. The assessment and collection of the tax provided for the year 1947 was not made until the year 1960, and the defendant contends that such action is barred by the Statute of Limitation set out in Section 3312(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3312(a), which provides:

"(a) General Rule. All internal revenue taxes shall (except as provided in subsections (b), (c), and (d)) be assessed within four years after such taxes became due, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of five years after such taxes became due."

However, this general rule is followed immediately by Section 3312(b), which provides:

"(b) False \* \* \* or no return. In case \* \* \* of a failure to

file a return within the time required by law, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time."

By the provisions of Section 1710(b) it was the duty of the plaintiff to pay the tax and under Sections 1715(a) and 1716, 26 U.S.C.A. §§ 1715(a), 1716, it 'was the duty of the club to collect from the plaintiff the taxes imposed under Section 1710 and make returns thereof under oath as prescribed by the applicable regulations. The admitted fact set out in paragraph 5 of the Stipulation that the club "did not report the purchase of such bond by the taxpayer nor did it collect and pay over any tax thereon" seems sufficient to preclude the application of the Statute of Limitation on which defendant relies.

For the reasons indicated, plaintiff's claim should be denied, and the Complaint dismissed.

Compare Vitter v. United States, 5 Cir., 279 F.2d 445, certiorari denied 364 U.S. 928, 81 S.Ct. 353, 5 L.Ed.2d 266.